CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP - 8 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:12-cr-00032 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TYRELL KEONI SAUNDERS, | ) | By: Hon. Jackson L. Kiser |
|    Petitioner. | ) |     Senior United States District Judge |

Tyrell Keoni Saunders, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss and dismiss the § 2255 motion.

I.

As a result of a confidential informant's numerous controlled purchases of drugs and firearms in the Danville community, a grand jury charged Petitioner in a twenty-three count indictment for crimes related to a crack cocaine distribution conspiracy. Although Petitioner faced a mandatory minimum sentence of sixty years' imprisonment for the indictment, appointed counsel negotiated a plea agreement with the United States that resulted in an agreed-upon twenty year sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In order to benefit from the at least forty-year reduction of sentencing exposure, Petitioner agreed as part of the written plea agreement to, inter alia, waive his right to appeal or collaterally attack the judgment except for claims of ineffective assistance of counsel.

Ultimately, I determined that Petitioner knowingly and voluntarily pleaded guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); two counts of distribution of a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On September 30, 2013, I sentenced Petitioner to, inter alia, twenty years' incarceration pursuant to the Rule 11(c)(1)(C) plea agreement.

Petitioner did not appeal, but he did timely file the instant § 2255 motion to present two claims. First, Petitioner claims that the United States failed to grant him a reduction in his sentence for acceptance of responsibility. Second, Petitioner claims counsel rendered ineffective assistance by: (A) not objecting to the alleged failure by the United States to recommend a sentencing adjustment for acceptance of responsibility; (B) "allowing" Petitioner to agree to a twenty-year sentence when the applicable guideline range was less for the four counts to which Petitioner pleaded guilty; and (C) failing to disclose all the terms of the plea agreement, which allegedly resulted in an "involuntary and unintelligent plea." For the following reasons, all of Petitioner's claims are meritless and must be dismissed.

## II.

Petitioner could have pursued claim one about the United States' alleged failure to grant a reduction in sentence for acceptance of responsibility on direct appeal. Claims that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255 unless a defendant demonstrates actual innocence or both cause for the default and actual prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Petitioner fails to establish actual innocence or cause and prejudice. See, e.g., Schlup v. Delo, 513 U.S. 298, 329 (1995); see also Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) ("[A] bare, conclusory assertion that [a petitioner]

2

is actually innocent is not sufficient to invoke the [Schlup] exception."). Accordingly, claim one is dismissed as procedurally defaulted.[1]

## III.

Petitioner's remaining claim argues ineffective assistance of counsel. Petitioner claims counsel rendered ineffective assistance by: (A) not objecting to the alleged failure by the United States to recommend a sentencing adjustment for acceptance of responsibility; (B) "allowing" Petitioner to agree to a twenty-year sentence when the applicable guideline range was less for the four counts to which Petitioner pleaded guilty; and (C) failing to disclose all the terms of the plea agreement, which allegedly resulted in an "involuntary and unintelligent plea."

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[2] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is

---

[1] In addition to being procedurally defaulted, Petitioner waived this claim by agreeing to the valid collateral attack waiver that encompasses claim one. See, e.g., United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). Nonetheless, the claim is meritless as Petitioner's sentence was agreed upon pursuant to Rule 11(c)(1)(C).

[2] Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight, . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id.

3

a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Strickland, 466 U.S. at 694.

Petitioner fails to establish either deficient performance or resulting prejudice. First, Petitioner fails to demonstrate that he would not have pleaded guilty and insisted on going to trial to face at least sixty-years' incarceration when his guilty plea resulted in a twenty-year sentence. Although Petitioner's guideline sentence for the counts to which he pleaded guilty ranged from ten to eleven years, he still benefitted from a twenty-year sentence pursuant to Rule 11(c)(1)(C) because all the other charges carrying up to forty additional years of imprisonment were dismissed. Also, I explained to Petitioner during the plea hearing that the paragraph in the plea agreement about points for acceptance of responsibility was not pertinent to the sentence because of the operation of Rule 11(c)(1)(C). Second, Petitioner confirmed on the record that he was fully satisfied with counsel's services, had discussed with counsel his options for defending the case, and had determined that the Rule 11(c)(1)(C) plea agreement was the best resolution of the case. Petitioner's current arguments to the contrary are patently frivolous when compared to the statements made under oath. See, e.g., Lemaster, 403 F.3d at 220-21. Lastly, the record clearly demonstrates that the pertinent portions of the plea agreement were explained to the Petitioner and that Petitioner knowingly, voluntarily, and intelligently pleaded guilty pursuant to the written plea agreement. In conclusion, nothing in the record supports Petitioner's claims of ineffective assistance of counsel, and the claims are dismissed.

## IV.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Based upon my

4

finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 8th day of September, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge