CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED

8/3/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA DANVILLE DIVISION

UNITED STATES OF AMERICA )
) Criminal No. 4:12-cr-00032
v. )
) By:    Michael F. Urbanski
TYRELL KEONI SAUNDERS, ) Senior United States District Judge
Defendant-Petitioner )

### MEMORANDUM OPINION

This matter comes before the court on defendant Tyrell Keoni Saunders's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for "compassionate release," ECF No. 350, and a supplemental motion for relief filed on Saunders's behalf by the Federal Public Defender, ECF No. 358. The government filed a response in opposition. ECF No. 362. For the reasons stated herein, the court will **DENY** the motions.

### I. Background

On April 29, 2020, Saunders was charged with multiple counts related to conspiracy to distribute crack cocaine. Indictment, ECF No. 3. On May 13, 2013, he entered into a Rule 11(c)(1)(C) plea agreement, in which he agreed to plead guilty to three counts of crack cocaine distribution and one count of possessing a firearm and using and carrying a firearm during and in relation to a drug trafficking crime. Plea Agreement, ECF No. 62 at 1–2. The parties agreed to a sentence of 240 months. Id. at 1. On September 30, 2013, the court sentenced Saunders to a total of 240 months to be followed by a four-year term of supervised release. J., ECF No. 125. Saunders's sentence later was reduced to 186 months, following the United States Supreme Court decision in Hughes v. United States, 584 U.S. 675 (2018); ECF No. 209. In

1

addition, Saunders is serving a consecutive term of 21 months for a 2016 conviction for possession of a prohibited object by an inmate in a federal prison. See United States v. Saunders, No. 1:15-cr-242 (N.D.W.V. filed Oct. 13, 2015). Saunders currently is incarcerated at Bennettsville Federal Correctional Institution (FCI) and has a projected release date of November 16, 2027.[1]

Saunders presents two arguments in support of his motion for compassionate release: (1) his youthfulness at the time he committed the offenses warrants a sentence reduction; and (2) his efforts at rehabilitation demonstrate significant maturity and rehabilitation, making him a strong candidate for a sentence reduction. The government counters that Saunders has failed to show that he is entitled to compassionate release. Resp., ECF No. 362.

## II. Analysis

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1] https://www.bop.gov/inmateloc//index.jsp (search term "Tyrell Keoni Saunders") (last viewed July 9, 2026).

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Saunders's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. A defendant "is not required to exhaust his administrative remedies with the BOP at all beyond making the initial request for compassionate release." United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022).

The United States does not contest that Saunders has satisfied the exhaustion requirements of § 3582(c)(1)(A). Resp., ECF No. 362 at 3 n.1. Accordingly, the court finds that Saunders has fully satisfied the statute's administrative exhaustion requirement.

## B. Extraordinary and Compelling Reasons

The court next considers whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement

3

that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

### (1) Youth at Time of Offenses

Saunders appears to argue that USSG § 5H1.1, amended in November 2024, warrants a reduction in his sentence.[2] That amendment recognized "[c]ertain risk factors may affect a youthful individual's development into the mid-20s and contribute to involvement in criminal justice systems" and "criminal behavior tends to decrease with age[,]" so that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." USSG § 5H1.1 (amended Nov. 1, 2024). However, this amendment does not help Saunders because the United States Sentencing Commission (the Commission) deleted it effective November 1, 2025. See, generally, USSG App C, Vol. IV, Amendment 836; see also Reason For Amendment, id. at 421–23.

Nevertheless, the deleted departure provisions are preserved in Appendix B, and the Commission stated that the removal "does not limit the information courts may consider in

---

[2] Saunders asserts the following: "U.S. Sentencing Guidelines Amendment (Youthful Offender Consideration), effective Nov. 1, 2024, encourages courts to consider a defendant's age, immaturity at the time of the offense, and potential for rehabilitation in determining a just sentence." Mot., ECF No. 350 at 1.

imposing a sentence nor does it reflect a view from the Commission that such facts should no longer inform a court for purposes of determining the appropriate sentence." See USSG Ch. 1 Pt. A intro. comment. (Nov. 2025); App C, Vol. IV, Amendment 836 at 352 (Nov. 2025). Therefore, the court finds it appropriate to consider Saunders's contention that his youthfulness serves as an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(5)'s "other reasons" catchall category.[3] See United States v. Brown, No. 2:11-cr-152, 2024 WL 3357836, at *5 (E.D. Va. July 10, 2024) ("Although youth is not enumerated in Section 1B1.13(b), the Court will consider youth at the time of the offense under 'other reasons.'")

Under that provision of the policy statement, a defendant must show "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This is a difficult standard to meet. See United States v. Anderson, No. 2:98-cr-143, 2025 WL 1644020, at *6 (E.D. Va. June 10, 2025) (internal citations omitted) (finding that to qualify for relief under § 1B1.13(b)(5), circumstances must be similar to a terminal medical condition, dire family emergency, or abuse at the hand of a custodian).

Saunders was 19 years old at the time he came to the attention of law enforcement for selling drugs. The court acknowledges and appreciates the relationship between age, influential

---

[3] While USSG § 1B1.13(b)(2) addresses when the age of a defendant might serve as an extraordinary and compelling reason for a sentence reduction, that subsection of the policy statement does not contemplate that a defendant's youth could serve as a basis for compassionate release. Rather, it contemplates compassionate release for a defendant who "is at least 65 years old . . . is experiencing a serious deterioration in physical or mental health because of the aging process . . . and has served at least 10 years or 75 percent of his or her term of imprisonment." Id.

5

forces, and rational decision-making. See Roper v. Simmons, 543 U.S. 551, 569 (2005) (citing Johnson v. Texas, 509 U.S. 350, 367 (1993)) (acknowledging that juveniles, defined as individuals under age 18, lack maturity and have an underdeveloped sense of responsibility that leaves them vulnerable to negative influences and pressure). However, the facts of Saunders's case do not convince the court that his youth at the time of the offenses, without more, is similar in gravity to the reasons constituting extraordinary and compelling circumstances in paragraphs (1) through (4).

Saunders was 19 at the time he started selling drugs and guns to a confidential informant (CI), and he continued the conduct over a period of approximately six weeks, making seven sales of drugs, firearms, or both to a CI. Pre-Sentence Investigation Report (PSR), ECF No. 177 ¶¶ 5–12. On two of the occasions Saunders obtained firearms to sell to the CI after the CI had asked him to do so. Saunders's actions do not appear to have been impulsive. In fact, in a conversation with his probation officer, Saunders told the officer that he had been selling drugs for about a year to earn money to survive and care for his nieces and nephews and that he knew his conduct was wrong. Id. ¶ 18.

While the court is sympathetic to Saunders's expressed reasons for selling guns and drugs, and recognizes that his youth may have affected his ability to determine a better course of action to care for his young relatives, the court cannot find that his youthfulness at the time of the offenses was similar in gravity to the other reasons constituting extraordinary and compelling circumstances in paragraphs (1) through (4). Saunders had multiple opportunities to reconsider his actions but continued to engage in behavior he understood to be illegal. The

6

court concludes that his youthfulness over the course of time he was selling drugs and guns does not warrant a sentence reduction.

### (2) Rehabilitation

Saunders also asserts that he is entitled to a sentence reduction based on his efforts at rehabilitation. Saunders has completed his GED since being incarcerated and has taken several other classes. Inmate Education Data, ECF No. 350-2. In addition, he has worked as a head cook at FCI Bennettsville for the last five years, which indicates that he has acquired leadership skills and has earned the trust of prison authorities. Mot., ECF No. 350 at 2.

Saunders's achievements are impressive and the court credits the efforts he has made at turning his life around. Nevertheless, any argument that he is entitled to a sentence reduction on that basis is foreclosed by USSG § 1B1.13(d). That section of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. See also United States v. Graves, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (noting that "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for a sentence modification.").

Because Saunders has not sufficiently alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction. His motion for a sentence reduction based on his rehabilitation is **DENIED.**

7

## C. 18 U.S.C. § 3553(a) Factors

Because the court determined that Saunders has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); see also United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

## III. Conclusion

For the above-stated reasons, the court **DENIES** Saunders's motions for a sentence reduction, ECF Nos. 350, 358. An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 3, 2026

Michael F. Urbanski
Senior United States District Judge

8